# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLIE BLISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV979RWS(MLM) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on defendant's Motion to Reverse and Remand. [Doc. 22] Plaintiff filed a Response opposing the Motion. [Doc. 23]

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("defendant") denying the application of Kellie Bliss ("plaintiff") for Social Security benefits. The case was referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b). [Doc. 3]

The issue in this case is whether plaintiff is entitled to disability benefits under Title II of the Social Security Act. Defendant's Motion states that after careful review of the above-captioned case, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim. In this case, the administrative hearing was held by Administrative Law Judge (ALJ) Randolph E. Schum (Tr. 29-46). However, the

decision was signed and issued by the Hearing Officer Chief ALJ (HOCALJ) James E. Seiler on ALJ Schum's behalf (Tr. 8-21). The Hearings, Appeals, and Litigation Law Manual (HALLEX) provides for specific procedures to be followed in order for an ALJ to authorize the HOCALJ to sign and issue a decision on his behalf if that ALJ is temporarily unavailable to sign the decision. It does not appear that those procedures were followed in this instance. Thus, upon receipt of the court's remand order, the Appeals Council will remand this case with instructions that the procedures be properly followed. As the Eighth Circuit stated in Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000), "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings." Id., citing Cox v. Apfel, 160 F.3d 1203, 1210 (8th Cir. 1998).

Plaintiff opposes the Motion to Reverse and Remand on "the most limited and technical grounds, ignoring the substantive arguments made by plaintiff." Plaintiff seeks reversal based on all the issues argued by plaintiff in the Brief in Support of Complaint.

However, the court finds that defendant's Motion should be granted. It is understandable that plaintiff wants as timely a disposition of the case as possible. Nevertheless, the procedures are specifically set out in the HALLEX and the court is not at liberty to ignore them. In addition, reversal and remand possibly could avoid the need for further court proceedings.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Reverse and Remand be **GRANTED**. [Doc. 22]

**IT IS FURTHER RECOMMENDED** that a Final Judgment be entered reversing and remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 404(g).

**IT IS FURTHER RECOMMENDED** that a Final Judgment be entered in order to begin the appeal period which determines the thirty (30) day period during which a timely application for attorney's fees under the Equal Access to Justice Act may be made.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   3rd   day of March, 2010.